PER CURIAM:
*264 Claimant brought this action for vehicle damage which occurred when her 2003 Chevrolet Silverado truck struck a protruding concrete curb on Highland Drive in St. Albans, Kanawha County. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on December 5, 2006. At the time of the incident, claimant testified that she was driving uphill on Highland Drive. As she was driving around a curve at approximately twenty-five miles per hour, she noticed an oncoming vehicle. She then maneuvered her vehicle closer to her right side of the road to avoid the oncoming vehicle when her vehicle’s rear tire struck a protruding concrete curb. Claimant stated that she travels this road multiple times a day, but she did not notice the condition of the curb prior to this incident. As a result, claimant’s vehicle sustained damage to its rear tire in the amount of $298.87.
The position of the respondent is that it did not have actual or constructive notice of the condition on Highland Drive at the site of claimant’s accident for the date in question. Randy Hammond, Crew Leader for respondent in Kanawha County at the time of the incident, testified that respondent is responsible for maintaining only the travel portion of the road, and the city of St. Albans is responsible for maintaining the curbs and sidewalks in this area. Respondent did not receive complaints regarding the condition of the curb prior to this incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent did not have actual or constructive notice of the condition on Highland Drive. The Court finds that respondent is not responsible for maintaining the curbs and sidewalks in the city of St. Albans and it was unaware of any incidents involving the condition of the curb prior to this claim. Thus, there is insufficient evidence of negligence on the part of respondent upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.